IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

ANTHONY LEON SUMMERS            §

VS.                             §            CIVIL ACTION NO. 1:19cv523

KEN PAXTON, ET AL.              §

<u>MEMORANDUM OPINION</u>

Plaintiff Anthony Leon Summers, an inmate at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against several defendants. As plaintiff did not pay the required filing fee, he appears to be attempting to proceed with this matter on an *in forma pauperis* basis.

<u>Discussion</u>

Title 28 U.S.C. § 1915(g) prohibits prisoners from repeatedly filing frivolous or malicious complaints on an *in forma pauperis* basis. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions, . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Prior to the date on which he filed this lawsuit, at least three of plaintiff's prior lawsuits or appeals were dismissed as frivolous.[1] As a result, plaintiff may only proceed with this lawsuit on an *informa pauperis* basis if he was in imminent danger of serious physical harm on the day he filed this lawsuit.

To meet his burden of showing that he is in imminent danger, plaintiff must allege specific facts demonstrating an ongoing physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague

---

[1] *Summers v. Unidentified Party*, No. 1:03cv459 (E.D. Tex. Mar. 8, 2004) (dismissed as frivolous); *Summers v. Gibson*, N0. 1:03cv1406 (E.D. Tex. Jan. 12, 2004) (dismissed as frivolous), *appeal dismissed as frivolous*, No. 04-40101 (5th Cir. Aug. 18, 2004); *Summers v. Goodwell*, No. 4:03cv55 (S.D. Tex. Sept. 24, 2003) (dismissed as frivolous); *Summers v. White*, No. 1:02cv707 (S.D. Tex. Dec. 19, 2002) (dismissed as frivolous).

or conclusory allegations are insufficient to meet plaintiff's burden.  *White v. Colorado*, 157 F.3d 1231-32 (10th Cir. 1998).

The allegations set forth in plaintiff's complaint do not demonstrate that he was in "imminent danger of serious physical injury" on the date he filed his lawsuit.  His allegations, while serious, do not satisfy the burden imposed by Section 1915(g). As a result, plaintiff is barred from proceeding with this lawsuit on an *in forma pauperis* basis.

Conclusion

For the reasons set forth above, this lawsuit will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).  An appropriate final judgment shall be entered.

**SIGNED** this the **16** day of **August, 2021.**


Thad Heartfield
United States District Judge